IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

DANIEL C. OSGOOD and
ROBIN E. LEVITSKI,

      Plaintiffs,

v.                           Civil Action No. 2:25-cv-00331

D. STEVEN BOWERS,

      Defendant.

## COMPLAINT

Plaintiffs, Daniel C. Osgood and Robin E. Levitski ("Plaintiffs"), by Shawn P. George, Esq. and George Law Group PLLC, allege as follows against Defendant D. Steven Bowers:

## PARTIES

1. Plaintiffs are husband and wife and citizens of San Diego County, California.

2. Defendant is an adult citizen of West Virginia residing in Spencer, Roane County.

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to Title 28, Section 1332(a) of the United States Code because complete diversity of citizenship exists among the parties and the amount in controversy exceeds the jurisdictional minimum requirement, exclusive of interests and costs.

4. Venue is proper because Defendant resides in a county assigned to this Division and the entity pledged as collateral to support the Guaranty of repayment of the defaulted Note at issue has its principal place of business in Spencer, Roane County, West Virginia.

## **CAUSE OF ACTION**
**(Breach of Contract)**

5. Plaintiffs, as Holders, Lenders and Obligees, and Defendant and a third-party jointly as Maker, Borrower and Obligor, (collectively the "Parties") entered into a written Twelve (12) Month Term Promissory Note of Four Million Dollars ($4,000,000.00), dated August 29, 2022 ("Note"), the proceeds of which were used primarily for business purposes.

6. Under Article 1.4 of the Note, the Borrower guaranteed full payment and performance of the Note by the pledge of Borrower's combined interest in Ground Resources, LLC, a West Virginia limited liability company, whose principal place of business is in Spencer, Roane County, West Virginia.

7. Plaintiffs fully funded and have otherwise performed all their obligations related to the Note.

8. The Note provides for interest at the rate of Ten (10) Percent, compounded monthly.

9. The Note requires its repayment in full, plus interest at the "Maturity Date", which is defined under Article 1.1 of the Note as the expiration of the Note term.

10. The Note term expired August 29, 2023.

11. By mutual written agreement of the Parties effective November 1, 2022, Plaintiffs received a Two Million Forty Thousand Dollar ($2,040,000.00) partial repayment of the Note principal by the transfer to Plaintiffs of 600 Class B units of Swordfish Holdings, LLC. This transaction left a principal balance due on the Note of One Million Nine Hundred Forty Thousand Dollars ($1,940,000.00), plus accrued interest.

12. Subsequently, the third-party made and Plaintiffs accepted a partial repayment of Fifty (50) Percent of the then remaining principal balance of the Note, plus accrued interest.

13. No further payments of principal or accrued interest have been made on the Note.

14. Article 3.1(a) of the Note defines "Event of Default" to be when "Borrower fails to repay in full the principal and accrued interest due within 10 days following the Maturity Date".

15. Defendant has defaulted on the Note by his failure to repay in full the remaining principal balance, plus accrued interest due on the Note within ten (10) days after the Maturity Date.

16. Since the Event of Default, Plaintiffs have on multiple occasions notified Defendant, orally and in writing of the Event of Default and correspondingly demanded Defendant cure the Event of Default and repay in full the Note principal balance and accrued interest, which as of April 29, 2025 was Six Hundred Eighty-Two Thousand Ninety-Eight Dollars and Ninety-Two Cents ($682,098.92).

17. Defendant has acknowledged receipt of these notices of default and demands for payment, but Defendant has wrongfully failed and refused and continues to wrongfully fail and refuse to cure the Event of Default, or to repay otherwise the Note's outstanding principal balance and accrued interest.

18. Article 6.1 of the Note grants Plaintiffs the right to recover attorney's fees and reasonable costs and expenses to collect upon the Note.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs pray the Court enter Judgment for Plaintiffs including:

a) repayment to Plaintiffs in full of the outstanding principal balance of the Note, plus accrued interest, attorney's fees, reasonable costs and expenses;

b) forfeiture of the collateral pledged to secure the Note repayment;

c) pre and post judgment interest; and

d) all such other and further relief as the Court deems just and proper.

                    **DANIEL C. OSGOOD and**
                    **ROBIN E. LEVITSKI,**

                    **By Counsel.**

*/s/ Shawn P. George*        *05/20/2025*
Shawn P. George, Esquire (#1370)
**GEORGE LAW GROUP, PLLC**
10 Beta Lane
Charleston, West Virginia 25304
Phone No: (304) 343-5555
Fax No: (304) 342-2513
E-mail: sgeorge@glgwv.com

4